# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Walter Reese,<br><br>    Petitioner,<br><br>vs.<br><br>Meg Savage, et al.,<br><br>    Respondents. | CV 04-00991-PHX-ROS (JCG)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, Walter Reese, who is presently confined in the Arizona State Prison Complex Eyman-Cook Unit in Florence, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for Report and Recommendation. Before the Court are the Petition for Writ of Habeas Corpus (Petition) and Respondents' Answer to Petition for Writ of Habeas Corpus (Answer). The Magistrate Judge recommends that the District Court deny the Petition for Writ of Habeas Corpus and dismiss the action.

## **FACTUAL AND PROCEDURAL BACKGROUND**

On November 27, 2001, Petitioner pled guilty to one count of sexual abuse, a class 3 felony and dangerous crime against children, and one count of attempted aggravated assault, a class 3 felony and dangerous crime against children.[1] (Answer, Ex. A.) The plea

---

[1] According to the State, the Petitioner lured an 11-year old girl to a convenience store, promising to buy her ice cream, and subsequently took her to an elementary schoolyard, ordered her to remove her clothes, and fondled her breasts and buttocks. When the girl said she would tell her mother, Petitioner pulled a gun, held it to her head and told her that he would kill her if she told anyone. (Answer, Ex. C.)

1 agreement required, subject to court approval, that Petitioner be placed on lifetime probation
2 for the sexual abuse conviction. (Answer, Ex. A.)

3 On January 9, 2002, Petitioner was sentenced to fifteen years imprisonment for the
4 aggravated assault and consecutive lifetime probation for the sexual abuse conviction.

5 On October 11, 2002, following several extensions of time, Petitioner timely filed in
6 Superior Court for Maricopa County, his first petition for post-conviction relief. (Answer,
7 Ex. B.) The Petition alleged that "life time probation should be ruled unconstitutional as no
8 other crime other than a sex offense receives a life time probation term." The Petitioner
9 argued that probation in conjunction with a prison sentence violated Arizona state statutes
10 A.R.S. §13-604.1 and §13-901 (Ex. B at 2), and that Arizona statutes did not permit
11 imposition of a term of probation in addition to a prison sentence upon a person convicted
12 of committing a dangerous crime against children. The Petitioner concluded that it was the
13 responsibility of state courts to correct "federal constitutional errors" and asked that the court
14 set aside the life time probation as an error by the state court or to impose probation within
15 the guidelines of a class three felony. (Id. at 3.)

16 On February 11, 2003, the state trial court dismissed Petitioner's first post-conviction
17 petition for relief, reasoning:

18/19/20 > It is not unconstitutional to single out sex offenses for lifetime probation. Defendant cites no authority that suggests otherwise. As to the second argument, the statute A.R.S. §13-903(E) and State v. Jones, 124 Ariz. 24 (1979) clearly allow for probation terms consecutive to prison terms. (Answer, Ex. E.)

21 On March 4, 2003, Petitioner timely filed a petition for review from the trial court's
22 denial of post-conviction relief with the Arizona Court of Appeals. (Answer, Ex. F.) On
23 May 10, 2004, the Arizona Court of Appeals, Div. I, summarily denied review. (Answer, Ex.
24 I.)

25 On May 14, 2004, Petitioner timely filed in federal court a Petition for Writ of Habeas
26 Corpus pursuant to 28 U.S.C. §2254. The Petition claims that the state sentence violates the
27 Fourth, Fifth, Sixth and Fourteenth Amendments. (Petition, p. 5.) However, in the following
28 section, statement of supporting facts, Petitioner asserts that he brings only one issue – that

1  the sentence of lifetime probation is unconstitutional; "With no other crime than the original
2  charge Defendant seems that his punishment falls under the scope of cruel and unusual scope
3  of the constituted law given to all man (person)."  (Petition, p. 5.)

4  Respondents assert that the Petition should be denied because: (1) Petitioner failed
5  to exhaust in state courts all claims raised in the Petition; (2) Petitioner procedurally
6  defaulted and is therefore precluded from raising these claims; and (3) Petitioner has failed
7  to demonstrate cause and prejudice.

## DISCUSSION

### A. Exhaustion of Remedies

Before a federal court will consider the merits of a habeas petition, the petitioner must exhaust the remedies available to him in state court. 28 U.S.C. §2254(b)(1)(A); Picard v. Connor, 404 U.S. 270, 275 (1971). To accomplish exhaustion, it is required that the petitioner fairly present his claims within the state courts in a procedurally correct manner. Castille v. Peoples, 489 U.S. 346, 351 (1989); Swoopes v. Sublett, 196 F.3d 1008 (9th Cir. 1999), cert.denied, 529 U.S. 1124 (2000). Because the exhaustion requirement refers to remedies still available to the petitioner at the time he files an action for federal habeas relief, exhaustion is also satisfied if the habeas petitioner is procedurally barred from pursuing his claim in the state courts. 28 U.S.C. §2254(c). Accordingly, if a petitioner's claims are procedurally barred under state law, the claim is exhausted due to the petitioner's procedural default of the claim. Procedural default occurs when a petitioner never presented a claim in state court and is now barred from doing so by state court procedural rules. Castille, 489 U.S. at 351-52.

Respondents correctly argue that the Petitioner failed to exhaust his claim by first presenting to the state courts his claim of a federal constitutional violation. Exhaustion required that the Petitioner apprise the State that he was making a claim under the United States Constitution and describe "both the operative facts and the federal legal theory on which his claim is based" so that the state courts could have a fair opportunity to apply controlling legal principles to those facts. Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir.

2003). Petitioner must have referenced specific provisions of the federal constitution or cited to federal or state cases involving the legal standard for a federal constitutional violation. Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005). Petitioner did neither. Petitioner's petition for post-conviction relief fails to reference any federal constitutional provisions. It makes no mention of federal legal theory. Instead, Petitioner cites state statutes and argues that their application is unconstitutional. The only reference to federal law is a concluding sentence of the petition which refers to federal habeas law and states: "Primary responsibility is on the State courts to correct Federal Constitutional errors which taint state conviction, and it is unseemly in our dual system of government for Federal Court in Habeas Corpus Proceeding by state prisoner to upset court conviction without opportunity to state courts correct constitutional violation [sic]." (Ex. B, p. 3.) This statement contains neither a legal standard or references a specific provision of the federal constitution under which the state courts could analyze Petitioner's claims. See Gray v. Netherland, 518 U.S. 152, 162-163 (1996) (mere reference to "Constitution of United States" insufficient to preserve a claim). Consequently, the reference is insufficient to preserve Petitioner's claim.

Respondents also assert that Petitioner failed to exhaust because he did not appeal the Arizona Court of Appeals decision to the Arizona Supreme Court. However, pursuant to Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999), Arizona state prisoners need not seek discretionary review by the Arizona Supreme Court in order to exhaust their federal claims. Swoopes has not been overruled by Baldwin v. Reese, 541 U.S. 27 (2004). In Baldwin, which was a case appealed from the Ninth Circuit, the Supreme Court addressed the question of what constitutes notice of the federal nature of a claim sufficient to satisfy the fair presentment requirement found in 28 U.S.C. § 2254(b)(1). In laying the groundwork for its decision, the Supreme Court stated that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." 541 U.S. at 29 (citations omitted). Respondents argue that these general statements of the law of exhaustion support a finding that Swoopes,

1  at least insofar as it addresses the need for habeas petitioners to seek review in a the highest
2  state court, is no longer valid.

3  This Court does not believe that these general statements in Baldwin provide a basis
4  for concluding Swoopes is overruled. Swoopes was decided on remand to the Ninth Circuit
5  for reconsideration in light of the Supreme Court's decision in O'Sullivan v. Boerckel, 526
6  U.S. 838, 119 S. Ct. 1728 (1999). In Swoopes, the Ninth Circuit, like the Baldwin Court,
7  reiterated the general rule stated in O'Sullivan that, "in order to satisfy the exhaustion
8  requirement for federal habeas relief, state prisoners must file for discretionary review in a
9  state supreme court when that review is part of ordinary appellate review." Swoopes, 196
10 F.3d at 1009 (citing O'Sullivan, 526 U.S. at —, 119 S. Ct. at 1733). The court recognized,
11 however, that the Supreme Court in O'Sullivan had "acknowledged an exception to the
12 exhaustion requirement," by making it clear the "'the creation of a discretionary review
13 system does not, *without more*, make review' in a state supreme court 'unavailable.'"
14 Swoopes, 196 F.3d at 1009 (quoting O'Sullivan, 526 U.S. at —, 119 S.Ct. at 1734)(emphasis
15 added in Swoopes). The Ninth Circuit proceeded to review Arizona's discretionary review
16 system and found considerations that compelled a finding that, in other than capital cases,
17 appeal to the Arizona Supreme Court was unnecessary. Specifically, the court found that two
18 Arizona cases, State v. Shattuck, 140 Ariz. 582, 684 P.2d 154 (1984), and State v. Sandon,
19 161 Ariz. 157, 777 P.2d 220 (1989), made it clear that, "in cases not carrying a life sentence
20 or the death penalty, review need not be sought before the Arizona Supreme Court in order
21 to exhaust state remedies." Swoopes, 196 F.3d at 1010. The Swoopes court concluded,
22 "post-conviction review before the Arizona Supreme Court is a remedy that is 'unavailable'
23 within the meaning of O'Sullivan." Id. Baldwin does not, implicitly or explicitly, suggest
24 that the Swoopes court's analysis is flawed or that the holding has been overruled. Also
25 strongly suggestive of the continued vitality of Swoopes is that the Ninth Circuit continues
26 to cite Swoopes for the proposition that Respondents suggest was overruled. See Castillo v.

1 McFadden, 399 F.3d 993, 998 n.3 (9th Cir. 2005); see also Lambert v. Blackwell, 387 F.3d
2 210 (3rd Cir. 2004).[2]

3 If a petitioner fails to fairly present a claim to the state courts in a procedurally
4 appropriate manner, he may be able to return to state court to present the claim.  When a
5 petitioner's return to state court, pursuant to the state courts' procedural rules, would be futile,
6 the claim is considered procedurally barred.  Teague v. Lane, 489 U.S. 288, 297-99 (1989).
7 Petitioner cannot now timely present his claims to the state courts. His state post-conviction
8 action would be time-barred. Rule 32.4(a), Ariz.R.Crim.P; Beaty v. Stewart, 303 F.3d 975,
9 987 (9th Cir. 2002).

10 A procedurally defaulted claim is barred unless the petitioner can demonstrate "cause
11 and prejudice," or that failure to consider the claim will result in a "fundamental miscarriage
12 of justice." Dretke v. Haley, 541 U.S. 386, 393 (2004). Petitioner does not demonstrate or
13 allege either. Therefore, his claim is barred.

14 **B.     Merits**

15 Even if the Petitioner's claim were not procedurally barred, his claim should be denied
16 on the merits. Federal courts may entertain a state prisoner's petition for habeas relief only
17 on the grounds that the prisoner's confinement violates the Constitution, laws, or treaties of
18 the United States. See Reed v. Farley, 512 U.S. 339, 347 (1994). General improprieties
19 occurring in state proceedings are cognizable only if they resulted in fundamental unfairness
20 and consequently violated the petitioner's Fourteenth Amendment right to due process. See
21 Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)("[I]t is not the province of a federal habeas
22 court to reexamine state court determinations on state law questions."). The Supreme Court
23 has held in the habeas context that "this Court will not review a question of federal law
24 decided by a state court if the decision of that court rests on a state law ground that is

---

26 [2] The Court also declines to certify to the Arizona Supreme Court, the question of whether the
27 opportunity to seek discretionary review is available, pursuant to Rule 31.19, Ariz. R. Crim. P. There is no
need to certify this question to the Arizona Supreme Court as it is a state sentencing question addressed to
28 a federal court through a habeas petition and Ninth Circuit precedent controls this Court's decision.

1 independent of the federal question and adequate to support the judgment." Coleman v.
2 Thompson, 501 U.S. 722, 729 (1991).

3 When reviewing a state criminal conviction, a federal court may grant a writ of habeas
4 corpus only if a state court proceeding: "(1) resulted in a decision that was contrary to, or
5 involved an unreasonable application of, clearly established Federal law, as determined by
6 the Supreme Court of the United States; or (2) resulted in a decision that was based on an
7 unreasonable determination of the facts in light of the evidence presented in the State court
8 proceeding." 28 U.S.C. § 2254(d); Chein v. Shumsky, 373 F.3d 978, 983 (9th Cir. 2004),
9 cert.denied, 125 S.Ct. 415 (2004). Under 28 § 2254(d)(1), a state court decision is "contrary
10 to" clearly established Supreme Court precedent "if the state court applies a rule that
11 contradicts the governing law set forth" in Supreme Court cases or "if the state court
12 confronts a set of facts that are materially indistinguishable from" a Supreme Court decision
13 but "nevertheless arrives at a result different from" that precedent. Williams v. Taylor, 529
14 U.S. 362, 405-06 (2000). A state court decision involves an unreasonable application of
15 clearly established Federal law if "the state court identifies the correct governing legal
16 principle" from a Supreme Court decision "but unreasonably applies that principle to the
17 facts of the prisoner's case." Id. at 413. In considering whether a state court has
18 unreasonably applied Supreme Court precedent, "a federal habeas court may not issue the
19 writ simply because that court concludes in its independent judgment that the relevant state-
20 court decision applied clearly established federal law erroneously or incorrectly. Rather, that
21 application must also be unreasonable." Id. at 411; See also Bell v. Cone, 535 U.S. 685, 694
22 (2002). In conducting habeas review, it is "presum[ed] that state courts know and follow the
23 law." Woodford v. Visciotti, 537 U.S. 19, 24 (2002). The question presented in a state
24 prisoner's petition for a writ of habeas corpus is "whether the state proceedings satisfied due
25 process." Jammal v. Van de Kamp, 926 F.2d 918, 919-20 (9th Cir. 1991).

26 Petitioner's primary contention is that the sentence imposed by the state trial court,
27 specifically lifetime probation after serving fifteen years in prison, is unconstitutional. The
28

1  Petitioner suggests that the imposition of lifetime probation violates the cruel and unusual
2  punishment clause in the Eighth Amendment.

3  The Supreme Court's Eighth Amendment jurisprudence establishes "gross
4  disproportionality" as the controlling principle in assessing petitioners' claims. Lockyer v.
5  Andrade, 538 U.S. 63, 72 (2003). Challenges to the proportionality of sentences are to be
6  assessed by applying objective criteria, including: "(1) the gravity of the offense and the
7  harshness of the penalty; (2) the sentences imposed on other criminals in the same
8  jurisdiction; and may include (3) the sentences imposed for commission of the same crime
9  in other jurisdictions." Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994)(citation
10 omitted), cert.denied, 514 U.S. 1026 (1995); see also Atkins v. Virginia, 536 U.S. 304 (2002)
11 (holding that proportionality review occurs with reference to current standards and should
12 be informed by objective factors to the maximum possible extent). However, "[c]omparative
13 analyses of sentences for other crimes is only appropriate in the rare case in which a
14 threshold comparison of the crime committed and the sentence imposed leads to an inference
15 of gross disproportionality." United States v. Harris, 154 F.3d 1082, 1084 (9th Cir. 1998)
16 (citation omitted), cert.denied, 165 F.3d 1277 (1999). Moreover, in reviewing sentences
17 imposed under state law, deference to state legislatures is warranted "unless [the court is]
18 confronted with a rare case of a grossly disproportionate sentence." Cocio v. Bramlett, 872
19 F.2d 889, 892 (9th Cir.1989) (citations omitted).

20 In this case, the trial court had the discretion both to impose lifetime probation and to
21 accept a plea agreement that included a term of lifetime probation. See State v. Lee, 191
22 Ariz. 542, 544 (1998) (noting that a judge is imbued with "wide latitude" to approve or reject
23 a plea bargain). Under Arizona law, probation is governed by A.R.S. § 13-901, et seq.,
24 which permits the imposition of lifetime probation for the conviction of a designated felony
25 offense or an attempt to commit such offense as "the court believes is appropriate for the
26 ends of justice." A.R.S. § 13-902(E) (2001). Probation, imposed in accordance with a
27 suspended sentence, is not necessarily limited by the maximum possible prison term. See
28 Demarce v. Willrich, 203 Ariz. 502, 505-06, 56 P.3d 76, 79-80 (App. 2002).

- 8 -

1    Petitioner pled guilty to sexual abuse, an offense under chapter 14 of the criminal
2 code, and one that is subject to a term of statutory probation not less than that specified in
3 A.R.S. § 13-902(A) "up to and including life." A.R.S. § 13-902(E). Rule 17.1(a), Arizona
4 Rules of Criminal Procedure, governs plea agreements. Rule 17.1(a) allows the court to
5 accept a plea of guilty. Rule 17.4(a) permits the parties to negotiate and agree on "any aspect
6 of the case." Rule 17.4(d) further provides that a "court shall not be bound by a provision
7 in the plea agreement regarding the sentence or the term and conditions of probation to be
8 imposed . . . ." It is the court's purview to ensure that the "ends of justice and the protection
9 of the public are being served by" a plea agreement. Espinoza v. Martin, 182 Ariz. 145
10 (1995).

11    It is this Court's recommendation that the District Court defer to the state court's
12 interpretation of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("it is not the
13 province of a federal habeas court to reexamine state court determinations on state law
14 questions"). Absent a showing of fundamental unfairness, even a state court's misapplication
15 of state sentencing laws does not justify federal habeas relief. See Christian v. Rhode,
16 41F.3d 461, 469 (9th Cir. 1994)(citation omitted). Here, there appears to be no fundamental
17 unfairness resulting from the state court's interpretation of its sentencing laws and its
18 determination that there was no misapplication of the state sentencing laws. Therefore
19 Petitioner is not entitled to habeas relief on this ground.

20    Additionally, Petitioner's sentence is not excessive. "[O]nly extreme sentences that
21 are grossly disproportionate to the crime" violate the Eighth Amendment. United States v.
22 Bland, 961 F.2d 123, 129 (9th Cir. 1992) (internal quotations omitted), cert. denied, 506 U.S.
23 858 (1992). In its decision in State v.Davis, 206 Ariz. 377, 379, 79 P.3d 64, 66 (Ariz. 2003),
24 cert.denied, 541 U.S. 1037 (2004), the Arizona Supreme Court resolved to some extent the
25 issue of what may constitute "cruel and unusual punishment" under the Eighth Amendment
26 for non-capital sentences. There, the court stated that in reviewing gross disproportionality,
27 the court should examine the specific circumstances and facts of a given case. The court
28 employed several factors in its analysis of gross disproportionality, including: (1) the

victim's consent or willingness to participate in the act; (2) the absence or presence of violence; (3) the defendant's criminal record; (4) the defendant's level of maturity; (5) societal norms and behavior; and (6) the scope of the statute.  The court held that a sentence only violates the constitution when "it is so disproportionate to the offenses that it shocks the moral sense of the court and the community."  206 Ariz. at 388, 79 P.3d at 75.

Having examined the controlling United States Supreme Court and Arizona state court precedent, this Court concludes that Petitioner's sentence of lifetime probation is neither extreme nor grossly disproportionate to his crimes under either the state or federal law or statute.  See Rummel v. Estelle, 445 U.S. 263; Harmelin v. Michigan, 501 U.S. 957 (1991); Williams v. Taylor, 529 U.S. 362, 381-82 (2000).  Accordingly, it is recommended that the District Court find that appellant has failed to state a claim for which federal relief could be granted.  See 28 U.S.C. § 2254(a); see Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989).

## **RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order **DENYING** the Petition for Writ of Habeas Corpus and **DISMISSING** the action.

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation.  If objections are not timely filed, they may be deemed waived.  Future pleadings should bear the action number:  CV 04-991-PHX-ROS.

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 10th day of March, 2006.

Jennifer C. Guerin
United States Magistrate Judge